IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:16-cv-60229-KMM

FRANK BRETT,

    Plaintiff,

v.

U.S. MARSHALL[1] TUCKER, *et al.*,

    Defendants.
_____/

## ORDER OF DISMISSAL

THIS CAUSE came before the Court upon Plaintiff Frank Brett's Motion to File this Case Under Seal (ECF No. 2) and Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 3). For the reasons outlined below, the Court DENIES Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 3); DENIES Plaintiff's Motion to Seal (ECF No. 2); and DISMISSES Plaintiff's Complaint, WITH PREJUDICE, as frivolous pursuant to 28 U.S.C. § 1915.

As an initial matter, Plaintiff's motion to file the Complaint under seal must be denied. Pursuant to Local Rule 5.4, proceedings in the United States District Court are public and court filings are matters of public record "[u]nless otherwise provided by law, Court rule, or Court order." *See* S.D. Fla. L.R. 5.4(a). Within the Eleventh Circuit, there is a strong "presumption of openness to civil proceedings." *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam). In order to seal something so fundamental as a complaint, the Court

---

[1] With apologies to the Marshall Tucker Band, "can't you see" that the caption contains a spelling error? *See* The Marshall Tucker Band, *Can't You See, on* The Marshall Tucker Band (Capricorn Records 1973). The proper spelling of the title of federal law enforcement officers that serve in the United States Marshals Service ("USMS"), the Nation's oldest federal law enforcement agency, is Deputy United States Marshal (with one l), often shortened to Marshal when referring to an individual officer.

would have to find that sealing the complaint "is necessitated by a compelling governmental interest, and is narrowly tailored . . . to that interest." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (quoting *Wilson*, 759 F.2d at 1571).

Plaintiff has failed to meet this exacting standard. In support of his motion to seal, Plaintiff states that one of the named defendants "was in with Mafia boss Joey Merlino. . . who threatened my life and I fear for my life." *See* Compl. (ECF No. 1). Plaintiff has failed to identify either a compelling governmental interest at stake, or how sealing the entire case would be narrowly tailored to effectuating that interest. Accordingly, his Complaint, and the entire case record, must be unsealed.

I.     **Plaintiff's Application for Leave to Proceed** *In Forma Pauperis*

Plaintiff, proceeding *pro se*, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous within the meaning of the statute if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Additionally, "[o]n the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered." *Bilal*, 251 F.3d at 1350. To state a claim on which relief may be granted, a plaintiff's complaint must contain sufficient factual content to bring the alleged claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

On February 4, 2016, Plaintiff filed the instant action against six named defendants pursuant to 42 U.S.C. § 1983. Compl. (ECF No. 1). The Complaint is an almost entirely illegible handwritten document, without a title, separate sections or numbered paragraphs. Additionally, the Complaint is rife with various charts or logs that detail the activities of individuals the Plaintiff believes slandered him or committed various felonies, either against him or the public at large. *See generally id.* The gravamen of Plaintiff's Complaint seems to be that multiple individuals, including public librarians, government officials, random passers-by, police officers, and professional athletes, all have committed some violation that infringes on Plaintiff's civil rights. To the extent that the Complaint is decipherable, those claims fail to invoke § 1983 nor allege facts supporting any of its elements. The remainder can only be described as an irrational, stream-of-consciousness rambling better suited for Hollywood.[2] Even construed liberally, Plaintiff's Complaint lacks an arguable factual or legal basis, and it does not come close to stating a claim for relief against any named defendant. For these reasons, the Complaint must be dismissed for frivolousness and failure to state a claim.

Although courts "should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), an action may be dismissed with prejudice "if a more carefully drafted complaint could not state a claim." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001) (internal quotation marks omitted). Plaintiff's claims here are legally groundless and borderline absurd, and no amount of re-drafting could cure that defect.

---

[2] *See e.g.*, Conspiracy Theory (Silver Pictures 1997).

Additionally, it is quite evident that this is not Plaintiff's first attempt at filing a frivolous claim.[3] Therefore, the Court therefore finds that dismissal with prejudice is warranted.

Plaintiff is cautioned that future frivolous filings may result in his designation as a restricted filer in the United States District Court for the Southern District of Florida pursuant to the Court's inherent powers. *See e.g.*, *Vargas v. Peltz*, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995).

## II.   CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Seal (ECF No. 2) and Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 3) are DENIED.  It is further ORDERED AND ADJUDGED that Plaintiff's Complaint (ECF No. 1) is hereby DISMISSED WITH PREJUDICE.  The Clerk of the Court is instructed to CLOSE this case.  The Clerk of Court is further instructed to UNSEAL the case.  All other pending motions are DENIED AS MOOT.

---

[3]   Similar complaints filed by Plaintiff in this District have been dismissed under §1915(e)(2)(B)(ii) or for lack of prosecution.  *Brett v. Nelson*, Case No. 10-60214-UU (filed February 12, 2010 and dismissed February 17, 2010); *Brett v. City of Ft. Pierce*, Case No. 10-14080-KMM (filed March 18, 2010 and dismissed June 15, 2010); *Brett v. Mayershohn*, Case No. 10-81565-KAM (filed December 7, 2010 and dismissed December 29, 2010); *Brett v. Remax*, Case No. 10-62429-JIC (filed December 14, 2010 and dismissed February 15, 2011); *Brett v. Gunther*, Case No. 11-60124-CMA (Filed Jan. 18, 2011 and dismissed February 22, 2011); *Brett v. Mr. Smith*, Case No. 11-60177-AJ (filed January 26, 2011 and dismissed February 2, 2011); *Brett v. Philadelphia Eagles*, Case No. 11-62398-JIC (filed Nov. 8, 2011 and dismissed Nov 30, 2011); *Brett v. White*, Case No. 13-60530-DMM (filed March 6, 2013 and dismissed March 17, 2013); *Brett v. Brett*, Case No. 13-cv-60952-WPD (filed April 23, 2013 and dismissed April 25, 2013); *Brett v. Tomkins*, Case No. 13-cv-80449-KAM (filed May 2, 2013 and dismissed May 9, 2013); *Brett v. White*, Case No. 14-cv-60560-JIC (filed March 4, 2014 and dismissed April 10, 2014); *Brett v. Tucker*, Case No. 14-cv-62662 (filed November 21, 2014 and dismissed December 1, 2014); *Brett v. Mr. Man*, Case No. 15-cv-80280 (filed February 27, 2015 and dismissed March 12, 2015).  Unsurprisingly, Plaintiff's baseless motions are not limited to this District.  *See Brett v. Garcia,* No. 6:15-CV-638-ORL-40, 2015 WL 3404490, at *1 (M.D. Fla. May 26, 2015) (recognizing that Plaintiff has filed additional cases that have been dismissed as frivolous in other courts including "Pennsylvania, Delaware, New Jersey, North Carolina, South Carolina, and the District of Columbia").

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of February, 2016.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:	Frank Brett
	110 Blunt Road
	Pompano Beach, FL 33064